UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTRADA ET AL,

        Plaintiff(s),

    v.

KAISER FOUNDATION HOSPITALS ET AL,

        Defendant(s).
_____/

No. C-14-04465 DMR

**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION [DOCKET NO. 14]**

This putative class action was filed in state court on September 5, 2014. Plaintiffs allege that Defendants illegally withheld the wages of certain of its employees while intentionally failing to disclose these deductions in employee wage statements and misstating the employee's gross wages, in violation of state law. *See* Compl. [Docket No. 1-1] at ¶ 1. On October 6, 2014, Defendants removed the case to this court. On October 14, 2014, Defendants filed a motion to dismiss. [Docket No. 10.] The hearing on the motion to dismiss is noticed for December 11, 2014. Plaintiffs' opposition is due October 28, 2014, and Defendants' reply is due November 4, 2014.

Now before the court is Plaintiffs' administrative motion pursuant to Civil Local Rule 7-11, filed on October 17, 2014, notifying the court of Plaintiffs' intention to file a motion to remand, and requesting that the court delay the briefing and hearing on Defendants' motion to dismiss until after the court rules on Plaintiffs' anticipated motion to remand. [Docket No. 14.]

Defendants have timely opposed this administrative motion. [Docket No. 21.] Defendants argue that an administrative motion is an improper vehicle for the relief requested by Plaintiffs because motions to stay must be noticed pursuant to Civil Local Rule 7-1 for a 35 day briefing and hearing schedule. However, the cases cited by Defendants involve motions to stay the entire litigation. *See Morgenstein v. AT & T Mobility LLC*, No. CV 09-3173 SBA, 2009 WL 3021177 at *1 (N.D. Cal. Sept. 17, 2009) ("A motion to stay all litigation proceedings is not an 'administrative matter' suitable for expedited and summary disposition pursuant to Local Rule 7-11."); *Dister v. Apple-Bay E., Inc.*, C 07-01377 SBA, 2007 WL 4045429 at *3 (N.D. Cal. Nov. 15, 2007) (denying administrative motion to stay pursuant to Civil Local Rule 7-11 where plaintiff moved to stay entire litigation). Here, the relief requested by Plaintiffs is not a stay of the entire litigation, but merely a delay in the briefing and hearing schedule for Defendants' motion to dismiss. An administrative motion is the proper vehicle for this request. Pursuant to Civil Local Rule 7-11(c), Plaintiffs' motion is appropriate for immediate determination without a hearing.

Defendants also contend that Plaintiffs' administrative motion should be denied because it could be "indefinite or excessive." Plaintiffs note that federal law requires a plaintiff in a lawsuit removed to federal court to file a motion to remand on the basis of any defect other than lack of subject matter jurisdiction within 30 days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. § 1446 (a)]."). However, Defendants are correct that there is no 30 day deadline for remand on the basis of lack of subject matter jurisdiction. *See id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Plaintiffs apparently intend to argue that this court lacks subject matter jurisdiction. *See* Docket No. 14 at 2-3.

In the interest of judicial economy, the court **grants** Plaintiffs' administrative motion. If the court indeed lacks subject matter jurisdiction over this matter, it lacks authority to determine Defendants' motion to dismiss, and requiring the parties to brief the motion to dismiss would waste the court's and counsel's resources. However, in order to prevent excessive delay, the court orders the following briefing schedule for Plaintiffs' motion to remand:

- Plaintiffs' motion to remand must be filed by November 5, 2014.
- Defendants' opposition is due on November 19, 2014.
- Plaintiffs' reply is due on November 26, 2014.
- A hearing on the motion to remand will be held on **December 11, 2014 at 11:00 a.m.** at the U.S. District Court, 1301 Clay Street, Oakland, California 94612. For courtroom number and floor information, please check the Court's on-line calendar at http://www.cand.uscourts.gov (click "Calendars - Judges' Weekly Calendars" link, then select Judge Ryu's calendar).

The opposition and reply deadlines and the previously-noticed hearing date on Defendants' motion to dismiss are **vacated**. The court will set a schedule for further briefing and hearing on the motion to dismiss if the case is not remanded to state court.

IT IS SO ORDERED.

Dated: October 23, 2014

DONNA M. RYU
United States Magistrate Judge

3